IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

STEVEN SMITH,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
and U.S. DEPARTMENT OF
TRANSPORTATION,

    Defendants.

Case No. 6:22-cv-00732-MK

OPINION & ORDER

MCSHANE, Judge:

    Before the Court is Plaintiff's Objection to Magistrate Judge's Order. Pl.'s Obj., ECF No. 117. For the reasons stated below, Plaintiff's objections are overruled.

## BACKGROUND

    Last spring, Judge Kasubhai issued two Findings and Recommendations ("F&Rs"): one denying Plaintiff's partial motion for summary judgment, ECF No. 88, and another granting Defendant's partial motion to dismiss with leave to amend, ECF No. 93. Plaintiff filed objections to each, ECF Nos. 90, 96, but both F&Rs were adopted in full, ECF Nos. 98, 97.

    Plaintiff subsequently moved for clarification. ECF Nos. 102, 108. Those two motions were referred to this Court, which resolved them with the following minute order:

> Plaintiff filed a Motion for Clarification related to Judge Kasubhai's Findings & Recommendations ("F&R's"). ECF Nos. 102, 108. Plaintiff asks for clarification regarding what the F&R referred to when citing to "Pl.'s Ex. 1, 22" in ECF No. 88. That citation is to page 22 of Exhibit 1 to Plaintiff's Amended Complaint. The document is titled "Inspector Statement" and is at

1 – Opinion & Order

> page 22 of ECF No. 57-1. Plaintiff's Motions for further clarifications are DENIED. The F&R's speak for themselves. The Court declines to parse specific language of Plaintiff's choosing and engage in giving Plaintiff precise definitions of certain language that Plaintiff believes is ambiguous. The Court is unable to give any party legal advice and, as noted, the F&R's speak for themselves.

ECF No. 111.

Six days later, Plaintiff again moved for clarification on the two F&Rs, claiming he "intended that the clarification be made by Judge Kasubhai and not Judge McShane." ECF Nos. 112, 113. Judge Kasubhai issued an Order ("Order No. 116") denying those two motions "[f]or the reasons explained in Judge McShane's…Order." ECF No. 16.

Plaintiff now objects to Order No. 116. Pl.'s Obj. 1.

## DISCUSSION

Rule 72(a)[1] provides a 14-day window in which a party may object to a magistrate judge's order. Fed. R. Civ. P. 72(a). When timely filed, the district judge is to consider the "objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*

Plaintiff has not demonstrated that any part of Order No. 116 is clearly erroneous or contrary to law. Rather, he "moves that [Order No. 116] be modified and or set aside…upon grounds that Magistrate Judge Kasubhai failed to make clarifications in his holdings which are ambiguous in context because they are irreconcilable with controlling authority if read literally and/or failed to make clarifications necessary to resolve ambiguity as to the reasoning of his holdings, as the case may be." Pl.'s Obj. 3.

---

[1] Order No. 116 address two motions for clarification. They are non-dispositive pretrial motions.

2 – Opinion & Order

Plaintiff appears to misunderstand Rule 72(a). It is not a flag that Plaintiff can simply raise anytime he wants a judge to further explain his or her holdings. The Rule is designed to allow modification of an order that is clearly erroneous or legally deficient. And it is Plaintiff's burden to demonstrate those errors such that modification is warranted. In this case, it was not clearly erroneous, nor contrary to law, for Judge Kasubhai to deny the motions for clarification when another judge had already addressed the arguments and provided clarification to the extent the Court is permitted.

The Court also notes that Plaintiff's brief, although labeled as a Rule 72 objection to Order No. 116, is substantively focused on disputing the original two F&Rs. Rather than pointing out clear errors, Plaintiff implores the Court to offer further clarification and attempts to engage it in a battle of definitions and duplicative arguments. As already stated, the Court will not parse specific language of Plaintiff's choosing. The Court reviewed the F&Rs, as well as Plaintiff's original Rule 72 objections, and found Judge Kasubhai's findings correct and without error. To the extent Plaintiff feels that "clarification…is critical to the prosecution of [his] claims" because he interprets the F&Rs to "render[] prosecution of Plaintiffs negligence claims 1-7" and "negligence claims 8-9 futile," the Court is unable to guide Plaintiff. His request does not reflect a misunderstanding of vague or ambiguous terms in the F&Rs. Rather, it conveys an understanding of the F&Rs' holdings and requests further guidance as to how those holdings can be circumvented through amendment. Plaintiff is aware that the Court cannot provide legal advice to any party, so he is likewise aware that the Court is unable to clarify for Plaintiff how best to amend his claims.

Lastly, Plaintiff moves, in the alternative, to "be granted voluntary dismissal of this action without prejudice pursuant to FRCP 41(a)(2) in order that Plaintiff may pursue an appeal

regarding this Court's order and the holdings objected to and otherwise detailed below." Pl.'s Obj. 4. Defendants take no position on Plaintiff's request. A voluntary dismissal without prejudice is not ordinarily a "final judgment" from which a plaintiff may appeal. If, after reviewing this Opinion and Order, Plaintiff wishes to voluntarily dismiss his action, he may file a motion to do so and the Court will grant it.

## CONCLUSION

Plaintiff's Objections, ECF No. 117, are overruled. Should Plaintiff choose to voluntarily dismiss the matter without prejudice pursuant to Rule 41(a)(2), he is granted leave to so move.

IT IS SO ORDERED.

DATED this 30th day of October, 2024.

                                              ___s/Michael J. McShane_____
                                                     Michael McShane
                                          United States District Judge